## THE PETER RITTER.*

*(District Court, E. D. New York.   November 16, 1882.)*

ADMIRALTY—COLLISION—SAILING VESSELS ON THE SAME TACK—DUTY OF THE OVERTAKING VESSEL.

Where two schooners, the P. and the R., were sailing on the same tack in the East river, the overtaking vessel, the R., sailing faster and a little closer to the wind than the P., and the P. could not luff, and held her course, and, on the approach of the R., those on the P. called out to the R. to keep off, *held*, that it was the duty of the leading vessel to hold her course, and it was the duty of the overtaking vessel to keep off and pass to leeward; and, as she failed to discharge this obligation, she was liable for the damages resulting.

*Alexander & Ash,* for libelant.
*S. B. Caldwell,* for the Ritter.

BENEDICT, D. J.   This action is to recover damages for a collision between the schooner Edwin L. Pierce and the schooner Peter Ritter, that occurred in the East river on the twenty-ninth day of July, 1880.   Both vessels were beating up the East river, bound to the eastward, and at the time of the collision were upon the same tack. The Edwin L. Pierce was laden with brick; the Peter Ritter laden with clay, and sailing faster than the Pierce.   The wind at the time was blowing freshly from the N. W. or N. N. W.   At the Hook the Ritter hauled her sheets aft, and stood along up the river close to the wind, on a course which carried her to the eastward of the buoy at the foot of Tenth street about as far as the middle of the river.   After the Ritter had hauled round the Hook, the Pierce crossed her bow, standing towards the New York shore on the starboard tack.   This tack the Pierce held as far as the reef above Tenth street would permit, and then she tacked and stood over to the Brooklyn shore upon her long leg.   Both vessels were then upon the port tack, the Ritter gaining on the Pierce, and lying closer to the wind than the Pierce

*Reported by R. D. & Wyllys Benedict.

was able to do. As the Ritter drew up upon the starboard quarter of the Pierce, she was hailed by those on the Pierce to keep off. This she failed to do, and her jib-boom catching in the Pierce's mainsail the vessels were thrown together, and damage done to the Pierce.

On the part of the Ritter it is alleged that the Pierce kept off across the Ritter's bows, and so caused the collision. The proof is that the Pierce did not keep off, but held her course as close to the wind as it was possible for her to lie.

Upon these facts the liability of the Ritter is clear. She was the overtaking vessel, and bound to avoid the Pierce. This she could easily have done by keeping a little off the wind and passing the Pierce to leeward. The Pierce could not luff, and if she had kept away she would have been carried across the course of the Ritter. The duty of the Pierce under the circumstances was to hold her course, and this she did. The Pierce not being guilty of any fault, and the Ritter having failed to discharge the obligation to avoid the Pierce, the liability of the Ritter for the damages resulting follows, of course.

Let a decree be entered in favor of the libelant, with an order of reference to ascertain the damages.